UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cr-229-2-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **NANA Y. ADOMA,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's Motion for a Judgment of Acquittal. Federal Rule of Criminal Procedure 29(c)(1) requires a post-verdict motion for judgment of acquittal to be filed "within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Rule 29 is "a claim-processing rule" that is "admittedly inflexible because of Rule 45(b)'s insistent demand for a definite end to proceedings," and "assure relief to a party properly raising them, but do not compel the same result if the party forfeits them." Eberhart v. United States, 546 U.S. 12, 19 (2005). The court received the guilty verdict and discharged the jury on October 13, 2017; the instant motion was filed via ECF on October 28, 2017. The court considers the motion as timely, *nunc pro tunc*.

Federal Rule of Criminal Procedure 29(c)(2) states that, when a jury returns a guilty verdict, "the court may set aside the verdict and enter an acquittal." In doing so, the defendant who challenges the sufficiency of the evidence "bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (citations and quotations omitted). Such reversal is "reserved for the rare case 'where the prosecution's failure is clear.'" Id. (quoting Burks v. United States, 437 U.S. 1, 17 (1978)). In reviewing the sufficiency of the evidence, the court "is to construe the

evidence in the light most favorable to the government, assuming its credibility, and drawing all favorable inferences from it, and will sustain the jury's verdict if any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." United States v. Penniegraft, 641 F.3d 566, 571 (4th Cir. 2011). "If there is substantial evidence to support the verdict, after viewing all of the evidence and the inferences therefrom in the light most favorable to the Government," the Rule 29 motion must be denied. United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994) cert. denied, 513 U.S. 1135 (1985). "Substantial evidence" is defined as "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilty beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc); United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). In evaluating the evidence, the court "cannot make [its] own credibility determinations but must assume that the jury resolved all contradictions in testimony in favor of the Government." United States v. United Med. & Surgical Supply Corp., 989 F.2d 1390, 1402 (4th Cir. 1993); United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997) (holding that credibility determinations are reserved for the jury, and if different interpretations exist, the jury decides which to believe). Finally, evidence is reviewed "in its totality, not in isolation, and the government need not negate every possible theory of innocence." United States v. Cote, 544 F.3d 88, 98 (2d Cir. 2008).

  Here, the court find that, after reviewing the evidence and inferences in the light most favorable to the government, the evidence was substantial and sufficient for a rational finder of fact to find the elements of the crimes beyond a reasonable doubt. Facebook records involving defendant discuss killing for the gang, obstruction of justice, drug distribution, and robberies. Written documents, including a letter written by defendant, indicate when defendant joined the

gang the murder of Kwamne Clyburn was his initiation. Testimony from witnesses and coconspirators, as well as video evidence, support the verdict on all counts, from the murder of Kwamne Clyburn to the robbery of the Mattress Warehouse. Having thus considered defendant's motion and reviewed the pleadings, the court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Judgment of Acquittal (#745) is **DENIED**.

Signed: November 27, 2017

Max O. Cogburn Jr.
United States District Judge